United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Kimberly Bacardi, on behalf of herself and all others similarly situated, Plaintiff<br><br>v.<br><br>Select Portfolio Servicing, Inc. d/b/a SPS, Defendant | Civil Action No. 16-23381-Civ-Scola |

### Order Preliminarily Approving Settlement and Provisionally Certifying Settlement Class, and with Respect to Class Notice, Final Approval Hearing and Administration

Upon consideration of the Parties' Settlement Agreement dated September 29, 2017 (the "Settlement Agreement" or "Agreement"), Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement Agreement and Provisional Certification of Settlement Class ("Plaintiff's Motion") (ECF No. 71), and the pleadings and other materials on file in this Action, **IT IS HEREBY ORDERED AS FOLLOWS**:

1. The Settlement Agreement and the exhibits thereto are hereby incorporated by reference in this Order as if fully set forth herein. Capitalized terms in this Order shall, unless otherwise defined herein, have the same meaning as in the Agreement.

2. For purposes of the Settlement, and as defined in the Agreement, the Settlement Class includes all borrowers who, according to readily accessible data and other electronic records of SPS, at any time during the Class Period, requested or received, either directly or indirectly through an agent, attorney, or other person or entity acting or purporting to act on the borrower's behalf a Reinstatement Quote concerning a Mortgage Loan secured by a property located in Florida serviced by Select Portfolio Servicing, and who appear on the Settlement Class Member List, as that term is defined in the Settlement Agreement. After considering the relevant factors in Fed. R. Civ. P. 23, and subject to further consideration at the hearing described in paragraph 13 below (the "Final Approval Hearing"), the Court finds that this Settlement Class provisionally meets the relevant requirements of Fed. R. Civ. P. 23(a) and (b)(3) for purposes of the Settlement.

3. For purposes of the Settlement, and after considering the relevant

factors in Fed. R. Civ. P. 23 and subject to further consideration at the Final Approval Hearing described in paragraph 13 below, Representative Plaintiff Kimberley Bacardi is hereby provisionally designated as the representative of the Class.

    4.    For purposes of the Settlement, and after considering the relevant factors in Fed. R. Civ. P. 23 and subject to further consideration at the Final Approval Hearing described in paragraph 13 below, the following attorneys are provisionally appointed as Class Counsel:

Darren R. Newhart
J. Dennis Card Jr.
CONSUMER LAW ORGANIZATION, P.A.
721 US Highway 1, Suite 201
North Palm Beach, Florida 33408
(561) 822-3446
darren@cloorg.com
dcard@Consumerlaworg.com

James L. Kauffman
BAILEY & GLASSER LLP
1054 31st Street NW, Suite 230
Washington, DC 20003
(202) 463-2101
jkauffman@baileyglasser.com

Court E. Keeley
Jacobs Keeley, P.L.L.C.
Alfred I. DuPont Building
169 East Flagler Street, Suite 1620
Miami, FL 33131
(305) 358-7991
Keeley@Jakelegal.com

    5.    Epperly Re:Solutions of Charleston, West Virginia is approved and appointed as the settlement administrator for the Settlement.

    6.    Pursuant to Fed. R. Civ. P. 23, the terms of the Settlement Agreement (and the Settlement provided for therein) are preliminarily approved as (a) fair, reasonable, and adequate in light of the relevant factual, legal, practical and procedural considerations of the Action, (b) free of collusion, and (c) within the range of possible final judicial approval, subject to further consideration thereof at the Final Approval Hearing described in paragraph 13 of this Order. Accordingly, the Settlement Agreement and the Settlement are sufficient to warrant notice thereof, as set forth below, and a full hearing on the Settlement.

    7.    Pursuant to the terms of the Settlement Agreement, within forty-nine (49) days of the Preliminary Approval Date, the Settlement Administrator

shall (a) obtain updates, if any, to the addresses for each Settlement Class Member identified in the Settlement Class Member List as provided for in the Settlement Agreement; and (b) provide notice of the Settlement and the Final Approval Hearing to each Settlement Class Member by mailing a copy of the Class Notice, substantially in the form of the document attached to the Agreement as Exhibit B, to each Settlement Class Member at the address set forth on the Settlement Class Member List as updated by the Settlement Administrator. Before mailing, the Settlement Administrator shall fill in all applicable dates and deadlines in the Class Notice to conform to the dates and deadlines specified for such events in this Order. The Settlement Administrator shall also have discretion to format the Class Notice in a reasonable manner to minimize mailing and/or administration costs.

8. If any Class Notice mailed pursuant to the Settlement Agreement and this Order is returned by the United States Postal Service ("Postal Service") as undeliverable, then the Settlement Administrator shall re-mail the Class Notice to the forwarding address, if any, provided by the Postal Service on the face of the returned mail within a reasonable time after return. If the returned mail does not reflect a forwarding address, the Settlement Administrator shall have no obligation to re-mail, but shall provide Class Counsel with the names and addresses of the affected Settlement Class Members.

9. The Court finds that the Settlement Agreement's plan for direct mail to Settlement Class Members is the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23. That plan is approved and accepted. The Court further finds that the Class Notice complies with Fed. R. Civ. P. 23 and is appropriate as part of the notice plan and the Settlement, and thus it is hereby approved, adopted and authorized for dissemination. This Court further finds that no other notice to Settlement Class Members other than that identified in the Agreement is reasonably necessary in the Action.

10. Any Settlement Class Member who wishes to be excluded from the Settlement Class and not be bound by the Settlement Agreement must complete and mail a request for exclusion ("Opt-Out") to the Settlement Administrator at the address set forth in the Class Notice, postmarked no later than twenty-eight (28) days before the Final Approval Hearing. For a Settlement Class Member's Opt-Out to be valid, it must be timely (as judged by the postmark deadline set forth above) and (a) set forth the Settlement Class Member's full name, address and telephone number; (b) contain the property address which secures or secured the Mortgage Loan as to which the Settlement Class Member seeks exclusion; (c) contain the Settlement Class Member's personal and original signature or the original signature of a person

previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of the Settlement Class Member with respect to a claim or right such as those in the Action (*i.e.*, conformed, reproduced, facsimile, or other non-original signatures are not valid); and (d) unequivocally state the Settlement Class Member's intent to be excluded from the Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all rights to the benefits of the Settlement. In those cases where a Settlement Class Member includes persons who were co-obligors on the same Mortgage Loan, the Settlement Class Member shall be deemed a Successful Opt-Out as to that Mortgage Loan only if all obligors elect to opt-out. Unless otherwise specified, in the event a Settlement Class Member is a Settlement Class Member as to more than one Mortgage Loan, the Opt-Out shall apply to each such Mortgage Loan. Any Settlement Class Member who is a Successful Opt-Out will be deemed to have waived any rights or benefits under the Settlement, and will not have standing to object to the Settlement or intervene in the Action. Any Settlement Class Member who does not submit a Successful Opt-Out, or otherwise comply with all requirements for opting out as are contained in this Order, the Agreement, and the Class Notice, shall be bound by the Agreement, including the Release, as embodied in paragraphs 4.01 to 4.03 of the Agreement, and any Final Order and Judgment entered in the Action.

11. On or before the date of the Final Approval Hearing, Class Counsel, Counsel for SPS and the Settlement Administrator shall create a comprehensive list of Successful Opt-Outs and file the list with the Court.

12. Any Settlement Class Member who is not a Successful Opt-Out and who wishes to object to the Settlement must provide a written objection (or objections) to the Settlement ("Objection") to Class Counsel and Counsel for SPS, at the addresses set forth in the Class Notice, and file the Objection with the Court, on or before twenty-eight (28) days before the Final Approval Hearing. Each Objection must: (a) set forth the Settlement Class Member's full name, current address, and telephone number; (b) contain the address of the property that secures or secured the Mortgage Loan; (c) state that the Settlement Class Member objects to the Settlement, in whole or in part; (d) set forth a statement of the legal and/or factual bases for the Objection; and (e) provide copies of any documents that the Settlement Class Member wishes to submit in support of his or her position. Any Settlement Class Member who does not submit a timely Objection in complete accordance with this Order, the Class Notice, and the Settlement Agreement shall not be treated as having submitted a valid Objection to the Settlement and will not be heard at the Final Approval Hearing.

13. The Final Approval Hearing shall be held before the undersigned on **April 5, 2018 at 8:30 a.m.**, in the United States District Court for the Southern District of Florida, Courtroom 12-3, 400 North Miami Ave., Miami, FL 33128, to determine, among other things, (a) whether the proposed Settlement should be approved as fair, reasonable and adequate; (b) whether, for purposes of the Settlement, the Settlement Class meets the relevant requirements of Fed. R. Civ. P. 23(a) and (b)(3); (c) whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) whether Settlement Class Members who are not Successful Opt-Outs should be bound by the Release set forth in the Settlement Agreement; (e) whether Settlement Class Members who are not Successful Opt-Outs should be subject to a permanent injunction that, among other things, bars Settlement Class Members from commencing, prosecuting, or assisting in any lawsuit against the Plaintiff Released Persons that asserts or purports to assert matters within the scope of the Release; (f) the amount of any Attorney Fee/Litigation Cost Award to be made to Plaintiff's Counsel, upon application pursuant to paragraph 2.20 of the Settlement Agreement; and (g) the amount of any Class Representative Award to be made to Representative Plaintiff, upon application pursuant to paragraphs 2.22 through 2.24 of the Settlement Agreement. This hearing may be postponed, adjourned, or continued by order of the Court without further written notice to the Settlement Class.

14. Representative Plaintiff's applications for an Attorney Fee/Litigation Cost Award or Class Representative Award shall be filed no later than forty-two (42) days before the Final Approval Hearing. Plaintiff's Motion for Final Approval of the Settlement, as well as any other submissions by Representative Plaintiff or SPS concerning the Settlement shall be filed no later than fourteen (14) days before the Final Approval Hearing.

15. It is not necessary for a Settlement Class Member to appear at the Final Approval Hearing. However, any Settlement Class Member who wishes to appear at the Final Approval Hearing, whether *pro se* or through counsel, must file a Notice of Appearance in the Action, and provide the notice to Class Counsel and Counsel for SPS not later than twenty-eight (28) days before the Final Approval Hearing.

16. No Settlement Class Member shall be permitted to raise matters at the Final Approval Hearing that the Settlement Class Member could have raised in an Objection, but failed to raise.

17. Any Settlement Class Member who wishes to file a motion in the Action must file the motion with the Court, and contemporaneously provide the motion, together with all supporting documents, to Class Counsel and Counsel for SPS not later than twenty-eight (28) days before the Final Approval Hearing.

18. Any Settlement Class Member who fails to comply with this Order, the Class Notice, and/or the Agreement shall be barred from appearing at the Final Approval Hearing.

19. All other events contemplated by the Settlement Agreement to occur after this Order and before the Final Approval Hearing shall be governed by the Agreement and 28 U.S.C. § 1715, respectively, to the extent not inconsistent herewith.

20. All proceedings and deadlines in the Action, other than such as may be necessary to carry out the terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto, are stayed and suspended until further order of this Court.

21. If Final Approval of the Settlement is not achieved, or if the Settlement is terminated for any reason, the Settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the Parties to the Action, and all orders issued pursuant to the Settlement may be vacated upon a motion or stipulation from the Parties. In such an event, the Settlement and all negotiations concerning it shall not be used or referred to in this Action for any purpose whatsoever. This Order shall be of no force or effect if Final Approval does not occur for any reason, and nothing in this Order shall be construed or used as an admission, concession, or declaration by or against SPS, of any fault, wrongdoing, breach, or liability. Nor shall this Order be construed by or against Representative Plaintiff or the Settlement Class Members that their claims lack merit or that the relief requested in this Action is inappropriate, improper, or unavailable, or as a waiver by any Party of any claims or defenses it may have. Nor shall this Order be construed or used to show that certification of one or more classes is required or appropriate if the Action were to be litigated rather than settled.

22. Neither the Settlement nor the Settlement Agreement constitutes an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Action or of any wrongdoing, liability, or violation of law by SPS, which denies all of the claims and allegations raised in the Action.

23. The Court reserves the right to approve the Settlement with such modifications, if any, as may be agreed to by Representative Plaintiff and SPS and without further notice to the Settlement Class Members.

24. Pending this Court's decision on whether to finally approve the Settlement in this Action, Representative Plaintiff, all Settlement Class Members (excepting those who are Successful Opt-Outs), Class Counsel and Plaintiff's Counsel are preliminarily enjoined from commencing, prosecuting, or assisting in any lawsuit, administrative action, or any judicial or administrative proceeding against the Released Persons that asserts or purports to assert

matters within the scope of the Release.

25. The Parties shall meet and confer in good faith to resolve any dispute concerning the Settlement Agreement and/or this Order and, to the extent any such dispute cannot be resolved between them, present the matter to this Court for resolution.

26. The Parties shall adhere to the following deadlines as set forth above:

*Class Notice mailed to Settlement Class Members*: forty-nine (49) days after entry of this Order.

*Plaintiff's Motions/Applications for Attorney Fee/Litigation Cost and Class Representative Awards*: forty-two (42) days before Final Approval Hearing.

*Settlement Class Member Objection/Opt-out Deadline*: twenty-eight (28) days before Final Approval Hearing.

*Motion for Final Approval*: fourteen (14) days prior to Final Approval Hearing.

*Other submissions by Plaintiff or SPS*: fourteen (14) days before Final Approval Hearing.

*Final Approval Hearing*: April 5, 2018

**Done and ordered** in chambers, at Miami, Florida, on November 29, 2017.

_____
Robert N. Scola, Jr.
United States District Judge